UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL JENKS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. |
| vs. | * | 4:13-CV-00177 |
| | * | |
| INTERNATIONAL LONGSHOREMAN ASSOCIATION, LOCAL 1414, SAVANNAH GEORGIA | * | |
| | * | |
| | * | |
| Defendant. | * | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

COMES NOW Plaintiff Michael Jenks, who moves the Court for preliminary injunctive relief. Plaintiff filed the instant lawsuit seeking claims which include an injunction of the election that is scheduled to be held on December 3, 2013. Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 enjoining the Defendant International Longshoreman Local 1414, Savannah Georgia, (the "Union") from preventing and barring Plaintiff's name on the ballot for the positions of President and director of the Board as follows:

I.   BRIEF STATEMENT

Plaintiff Michael Jenks brings the instant action for injunctive relief and for damages from the violations by the Defendant Union because the Union's disciplinary proceedings and subsequent membership votes denied the Plaintiff a full and fair hearing within the meaning of LMRDA sec. 101(a)(5)(C). Plaintiff received notice of an additional charge on November 20, 2013, alleging a violation of a provision of the International Longshoreman's Association  AFL-CIO Bylaws preventing his name from being placed on the December 3, 2013 ballot.

1

Plaintiff seeks to amend his Complaint to add an additional claim because he has not been afforded an opportunity to be heard on this new charge in violation of sec. 101(a) (5) of the LMDRA.

The Union illegally suspended Mr. Jenks from his office as Chair of the Board of Directors in violation of his due process rights under sec. 101(a) (5) of the LMDRA which provides that "no member of any labor organization may be fined, suspended, expelled, or otherwise disciplined …unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." The Union failed to afford him an opportunity to prepare and present a defense and the Union did not afford Mr. Jenks a fair hearing. If the election is not stayed, the Union will have successfully removed the Plaintiff from office in violation of his due process rights under the Bill of Rights for labor members of labor organizations 29 U.S.C. § 41(a)(1) (2) and (5).

The Union added a new charge in a letter dated November 19, 2013, notifying the Plaintiff that he was not eligible to be on the ballot. The charge in the letter is false as a matter of law and statutory interpretation and Plaintiff seeks leave of the Court to amend his Complaint to add this new claim.

## II. FACTS

### A. The Alleged violation of Article XII, Rule 2 of the ILA Local 1414 Constitution and Bylaws

Plaintiff Michael Jenks was elected to the Board of Directors and served as Chair from 2010 until he was removed from office in November 2012. President Willie Seymore filed a grievance against Mr. Jenks for a violation of Article XII, Rule 2 of the Constitution and Bylaws of the International Longshoremen Association, Local 1414, Savannah, GA (hereinafter the "Bylaws"). [Ex. G, Bylaws; Ex. B, Deposition of Willie Seymore, p. 16]. In accordance with the

2

Bylaws, the charge first went to the Executive Board (hereinafter the "Board"), *Id.* p. 26.  The Bylaws set for the procedure for discipline on p. 36, Section 1: the Board "shall investigate diligently all charges against a member or officer for violation of the constitution and bylaws." *Id. p. 33.*  The Board made a recommendation to fine Mr. Jenks on the charge filed by Mr. Seymore. *Id.* p. 31. In accordance with the Bylaws the recommendation of the Board must go to the membership for acceptance or rejection. Bylaws p. 38, Section 8.  A majority of all members were required to overrule the decision of the Executive Board. *Id.* p 38, Section 11.

On or about May 28, 2012, the Board submitted its recommendation to fine Mr. Jenks $2500 for the violation to the Union membership at its regularly scheduled meeting. Seymore Dep. p.42. Mr. Seymore relinquished the gavel of President in order to join in the discussion of the motion. *Id*. at p. 43. Mr. Jenks had an opportunity to be heard and appealed to the membership. *Id.* p. 42.  The membership voted to reject the recommendation of the Board to fine Mr. Jenks $2500. *Id*. p. 45. The vote count was 24 in favor of the fine and 34 against the fine.

At the next regularly scheduled Union meeting, on June 11, 2012. Mr. Seymore relinquished the gavel again in order to present "un-readiness" as to the minutes from the prior meeting.  *Id.* at p. 52. Mr. Seymore stated that the vote count was not accurate and stated that the correct count was 29 votes to fine Mr. Jenks and 34 votes not to fine him. *Id. p.53.*

Mr. Seymore continued to state that he had a second issue of un-readiness regarding a motion to expel Mr. Jenks that Alisha Blakely attempted to make which had not been accepted at the prior meeting. *Id.* p. 55. Ms. Blakely did not submit her motion to expel Mr. Jenks in writing, and did not present the motion to expel in accordance with the 24-hour rule. *Id.* p. 61.  According to Mr. Seymore's interpretation of the Bylaws "a member doesn't have to present something in writing to the secretary, recording secretary 24 hours in advance." *Id.* p.61.  Another vote was

3

taken by secret ballot on the Blakely motion from the prior meeting and Mr. Jenks was expelled from office. *Id.* p. 65. Mr. Seymore then recovered the gavel and chaired the remainder of the meeting. *Id.*

The next regularly scheduled Union meeting occurred on or about June 25, 2012. *Id.* p.67. Mr. Seymore requested instructions on the process of appeal from the District office, and submitted the response from the District to the recording secretary. *Id.* The secretary read the letter to the membership. *Id.* Mr. Seymore did not permit any motions or discussion and he did not acknowledge Mr. Jenks' un-readiness. *Id.* p.69.

On October 15, 2012, in response to the appeal by the Plaintiff, the District recommended another that the Union holds another vote to replace the one that expelled Mr. Jenks, because all members present on June 11, 2012 were not permitted to vote. *Id.* p.74. The committee expressed "concerns" regarding the way the vote was taken on June 11, 2012. *Id.*

Mr. Jenks submitted his resignation in writing prior to the October 2012, Union meeting. *Id.* p.14. The membership voted to accept the resignation. [Ex. C, ¶4, Affidavit of Mr. Jenks]. Mr. Seymore disregarded the letter of resignation because it had not been presented in accordance with the "24-hour" rule. Seymore dep. p. 14. However, the letter was permitted to be entered into the minutes. *Id. p.* 15. In spite of Mr. Jenks' resignation, Mr. Seymore posted a notice that another vote would be taken at the regularly scheduled November 12, 2012 Union meeting on whether or not to remove Mr. Jenks. *Id*. 75.

Mr. Seymore presided and began the meeting with the vote after the prayer and before the minutes were read. *Id.* p.78. No motion was presented to the membership to remove him. *Id.* p.78. Mr. Jenks was not permitted to talk on his own behalf before the vote. *Id.* p.80. Mr. Seymore called for an up or down vote to expel Mr. Jenks by secret ballot. *Id.*

4

Plaintiff exhausted the appeal process and brings the instant matter to this court for determination as to whether the failure to comply with the Bylaws, the Union's disregard and setting aside of the first membership vote, and the Union's failure to present a motion and permit the Plaintiff the opportunity to defend himself before the membership prior to the vote to expel him is unfair discipline and in violation of his due process rights under the LMRDA 101 and 29 U.S.C. § 411. However, the instant motion is before the Court because the improper subsequent votes that resulted in Jenks' removal from office, violated Plaintiff's due process rights. And because Mr. Jenks was nominated to be elected on December 3, 2013 to the positions of President and member of the Board of directors and Defendant will not permit his name to be on the ballot due to the vote that occurred on November 12, 2012; and due to a new charge mailed to the Plaintiff on November 19, 2013.

B.      The Alleged Violation of Article XIII, Section 3, Constitution and Bylaws of the International Longshoremen's Association, AFL-CIO

On or about November 21, 2013, the Plaintiff was served with the letter dated November 19, 2013.[Exhibit D.].  Plaintiff has now been noticed that he is not eligible to be on the ballot because he was "suspended from the industry for a positive drug test during the period October 14, 2012 through November 21, 2012." In violation of Article XIII, Section 3, Constitution and Bylaws of the International Longshoremen's Association, AFL-CIO (hereinafter the "Rules"). [Ex. E]. As set forth in Plaintiff's Declaration, this new claim fails as a matter of law based upon the clear definitions set forth in the Bylaws of the Local Union and the International Rules. [Ex. F.] Plaintiff is a member in good standing with the Union, International Longshoreman Association, Local 1414, Savannah, Georgia and has been at all relevant times specifically from at least three years prior to the election scheduled for December 3, 2013. [Ex. F at ¶2].  Mr. Jenks

has maintained continuous service as defined by the Collective Bargaining Agreement (CBA) *Id.*, at ¶ 3, Ex. A, CBA. He has been employed as a longshoreman for more than 700 hours each contract year for the last 38 years, and he has maintained continuous services at this occupation as defined by the CBA. *Id.* at ¶3. Plaintiff violated the Policy on "Legal Drugs" provision of Section 4, of the CBA and was suspended for 37 days. *Id.* at ¶4. In accordance with the CBA, " 'continuous service' means that an employee must work a minimum of 700 hours as a longshoreman in the Port of Savannah each successive contract year following the seniority classification." *Id.* at ¶5. Even though he had been temporarily suspended, Plaintiff was at all times considered "actively working" under the CBA: "It is understood that all of those **actively working** under the terms of any Collective Bargaining Agreement between the Parties…shall have a right to request referral to an approved program for treatment or to be tested and any employee whose test results thereof are positive shall be required to immediately report to an approved program for treatment. If such employee participates in and successfully completes the required approved rehabilitation program, that employee may be reinstated." CBA "Penalties for Violating Policy," [Ex. A. pp. 35-36].

II. **ARGUMENT AND CITATION OF AUTHORITY**

A. STANDARD ON INJUNCTIVE RELIEF

Plaintiff seeks a preliminary injunction of the upcoming nomination and election processes in order to protect his right to run for office denied to him by the Defendant's illegal actions removing him from office in violation of his due process rights. Due process under 29 U.S.C. sec. 411(a)(5) requires, inter alia, that an individual be "served with written specific charges." These charges must be specific enough to inform the accused member of the offense that he has allegedly committed. *Id.* Federal courts are empowered to examine the provisions

referenced in charges in order to determine whether the union member had been misled or otherwise prejudiced in the presentation of his defense. *Waring v. International Longshoreman's Association, Local 1414, Savannah, GA,* 653 F. Supp. 374, 378 (S.D. Ga. 1986).

Federal courts may enter temporary restraining orders and preliminary injunctions where the moving party demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the entry of the relief would serve the public interest. *Dantzler, Inc. v. Hubert Moore Lumber Co.* 2013 WL 2452697 (M.D. Georgia June 5, 2013).

The issuance of a preliminary injunction is an extraordinary and drastic measure that should not be granted unless the movant carries his burden on each of four prerequisites. *Id. Dantzler, Inc. v. Hubert Moore Lumber Co.* 2013 WL 2452697 (M.D. Georgia June 5, 2013). Plaintiff as the movant, has the burden of persuasion for each of the four factors, and a failure to establish any of the factors is fatal to a request for preliminary injunction. *Id.*

B. **Jenks is Entitled to a Preliminary Injunction Because he can Satisfy All Four Requirements for the Granting of Such Relief**

1. <u>Plaintiff is Likely to Succeed on the Merits</u>

1. Plaintiff's Removal from Office Without Due Process

Plaintiff meets the first prong of the four-part test for injunctive relief because he is likely to succeed on the merits. Willie Seymore filed a grievance charging Mr. Jenks with "Behavior that is dishonest, detrimental to the welfare of Local 1414 Union, and/or conduct unbecoming an officer" on April 9, 2012. The charge alleged that Mr. Jenks was paid by Local 1414 for working at the Troy Davis repast; and charged Mr. Jenks with receiving "additional funding in

7

reference to the function" in the amount of $200 in violation of Article XII Rule 2 of the Constitution and Bylaws of Local 1414. Mr. Jenks said that charge was untrue and that Willie Seymore made the charge in bad faith. Mr. Jenks presented evidence in his defense against the false charge at the Executive Board meeting on April 24, 2012. The Executive Board reviewed the grievance and the response by Mr. Jenks and recommended that   Mr. Jenks be fined $2500.00 for the alleged violation.

The Executive Board reported the findings and recommendation to the Membership for approval or disapproval in accordance with Article XIII, Sec. 8 of the Bylaws. On May 28, 2012, the majority of the membership present voted by secret ballot and rejected the recommendation of the Executive Board to fine Mr. Jenks $2500.00 for the alleged violation.  The majority f the members present voted to reject the Executive Board recommendation to fine Mr. Jenks for the alleged violation, which was tantamount to a finding of not guilty by the membership.

On that same day, May 28, 2012, Alicia Blakely[1] attempted to make a substitute motion to remove the Plaintiff from office and fine him. This motion was not considered for various reasons. At the next regularly scheduled meeting, on June 11, 2012, Willie Seymore reported that a "mis-count" of votes had occurred at the May 28, 2012 meeting on the majority vote rejecting the Executive Board recommendation to fine Mr. Jenks.  A second vote was taken to "correct" the vote.  The "corrected" vote still reflected that a majority of the members present at the previous meeting had rejected the Executive Board recommendation to fine Mr. Jenks $2500 for alleged misappropriation, thereby finding that Mr. Jenks was not guilty of any wrongdoing.

---

[1] Plaintiff contends in his complaint that Alicia Blakely was also not a dues paying member of the Union.

8

The action taken by Willie Seymore to cause a substitute motion at a subsequent meeting after the vote exonerating Mr. Jenks which resulted in the removal of the Plaintiff from office, violated his due process rights under sec. 101(a) (5) of the LMDRA, 29 U.S.C. 411(a)(5).

Mr. Jenks appealed the actions and in October 2012, the District Committee recommended that the Union redo the motion to expel the Plaintiff. After that recommendation was received, Mr. Jenks tendered his resignation in writing at the October 2012 regularly scheduled meeting. Although the membership voted to accept his resignation at the October 2012 meeting, Mr. Seymore caused the membership to vote to expel MR. Jenks on November 12, 2012.

On November 12, 2012, at the final vote that resulted in his removal from office, Plaintiff was not permitted to present evidence or discuss the matter in his own defense at the meeting.  The vote was presented to the membership out of order of the normal course of business, without motion or discussion.

"Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws." 29 U.S.C.A. § 411.  The expulsion from office of the Plaintiff violated his due process rights because: (1) the membership had already vindicated Mr. Jenks of any wrongdoing by voting to reject the recommended punishment –the $2500 fine presented to the membership by the executive board; (2) Mr. Seymore disregarded the October membership vote to accept the resignation of Mr. Jenks, which eliminated the need for the November 12, 2012 vote to remove him; (3) the November 12, 2012 vote was taken held without

9

a written motion or verbal motion being presented to the membership for Plaintiff's removal; and (4) the November 12, 2012 vote was taken without permitting the Plaintiff the opportunity to present evidence or discussion prior to the vote; and the refusal and failure to permit any discussion is clear evidence of the Union violation of his due process rights.

"Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations. 29 U.S.C.A. § 411(a)(2)." The facts set forth above demonstrate that Defendant Union clearly violated Plaintiff's rights under Bylaws in causing a motion that had been defeated to be voted on at a subsequent meeting in order to defeat a proper vote by the membership without notice to the Plaintiff. The Union's actions violated contractual and statutory duties and obligations to Plaintiff pursuant to the LMDRA by disregarding the majority vote of the Union membership on two occasions and by violating his procedural due process rights on November 12, 2012 at the meeting in which a second vote was held to expel the Plaintiff without motion or discussion. Because of the Defendant's clear violations of these obligations, Jenks demonstrates that he is likely to succeed on the merits of his claim.

On November 12, 2012, Seymore did not follow the established meeting protocol and caused the vote against Mr. Jenks to be had without motion and/or discussion in violation of 29 U.S.C.A. § 411(a)(2).

    a. The Union Attempted to Ratify the Tainted Removal

The Union contends that the Plaintiff was removed by a majority of the membership in the November 2012 election. However, "ratification" of a tainted decision does not correct an illegal removal and a full and fair hearing is required where a union member such as Mr. Jenks is convicted without due process. Mr. Jenks availed himself of the appeal process, however the appeal process did not afford him due process protection for safeguards against the improper disciplinary action afforded to the Plaintiff under 29 U.S.C. section 411(a)(5).

> Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.29 U.S.C.A. § 411 (a)(5).

Mr. Jenks was (1) not served with written charges for the November 2012 vote to remove him, (2) not given a reasonable time to prepare his defense; and (3) he was not permitted to speak prior to the vote and therefore was not afforded a full and fair hearing and opportunity to be heard.

    b. Plaintiff Did not Receive Prior Written Notice of the Renewed Motion to Remove him and He was not permitted to Present a Defense

At the June 11, 2012, general membership union meeting Willie Seymore vacated his position as Chair of the union meeting and the Recording Secretary acted as Chair and recorded

the minutes.  Mr. Seymore made another attempt to  move to have Mr. Jenks removed from office. The motion to remove Mr. Jenks had not  been presented to Executive Committee prior to bringing said motion to the membership, and the Executive Board did not  recommend the removal of Mr. Jenks as a punishment of the alleged charge initially brought by Willie Seymore. Plaintiff did not have written notice that he was to be charged with the grievance again, before the membership and he was not given an opportunity to present a defense. Therefore the motion was not properly before the membership pursuant to the above-referenced section 8.

A majority vote of the membership is required to overrule a decision of the Executive Board pursuant to Article XII, Sec. 11 of the Bylaws. Willie Seymore Deposition, Ex. 1. Mr. Jenks received a majority vote of the membership on rejecting the recommendation of the executive committee.  Union president Seymore  continued to pursue  removing the Plaintiff from office in order to bar him from running for office in future elections. The actions of Mr. Seymore demonstrate bad faith.

Plaintiff advances claims of breach of Contract, breach of the duty of fair representation, retaliatory discipline and violations of his due process rights in the instant lawsuit.  Because of the bad faith actions of Union president Willie Seymore, the Plaintiff tendered resignations of his position on the Board of Directors and as alternate Trustee, resignations that the Union membership properly voted to accept in October 2012.

But for the illegal actions of the Defendant in violation of the bylaws and in removing the Plaintiff without due process, plaintiff would be eligible to be placed on the ballot for office on December 3, 2013 to run for the two positions for which he has been nominated. "Fair play entitles an accused to rely on the written charges made against him in preparing his defense, limits the trial to proof in support of that charge, and bars his being found guilty of an offense

with which he is not charged." *Waring v. ILA Local 1414, supra.* 653 F. Supp.374, 380 (S.D. Ga. 1986).

### ii. The False Charge under Article XIII, Section 3 of the Rules

As set forth in his Declaration, Plaintiff is likely to succeed on his new claim against the Union. On November 20, 2013, the Union caused the Plaintiff to be declared ineligible to be on the ballot under a provision of the International Rules, Article XIII, and Section 3. However, as set forth in Mr. Jenks declaration, the letter declares that he is ineligible because he was "suspended" for thirty-seven days. However, the provision under which he is alleged to be in ineligible, does not set forth that suspensions disqualify members from running for office.  Plaintiff meets both requirements at Article XIII, Section 3: (1) he was at all times a member in good standing; and (2) he maintained more than the minimum requisite 700 hours of work to maintain his status as actively seeking work and/or working as set forth in his Declaration.   Therefore, statutory interpretation of the pertinent provisions of the CBA, the Rules and the Bylaws, demonstrate that the Plaintiff is likely to succeed on this claim too.

### 2. Jenks will Suffer Irreparable Injury if Injunctive Relief is Not Issued

Defendant has admitted in its Answer that Mr. Jenks is not eligible to run for office for five years from 2012 as a result of his removal from office. (Answer ¶ 51).  Elections are held every three years. The next election is scheduled for December 2013. (Answer  ¶ 52). The Plaintiff seeks to enjoin the election of the offices of President and Board of Directors on December 3, 2013 because due to the illegal expulsion, and denial of due process, Plaintiff would not be permitted to run for office until the elections of 2019 under the Bylaws.  Mr. Jenks has served as a member of the Board of Directors for 14 years and has been elected to office by

the Union membership in every election since 1998. (admitted by defendant Union Answer ¶ 66).

      3.      <u>The Threatened Injury to the Plaintiff in being Barred from Participating in the Election Outweighs any Damage which the Union may Suffer in Delaying the Election</u>

The inability of the Plaintiff to run for office until 2019 outweighs the harm of delaying the election because the election for the nominating has not commenced. If the Court does not delay the election, then a greater harm will occur, to-wit the Court may have to invalidate the election once the plaintiff presents all of his evidence in the instant suit and is afforded due process. The injunctive relief proposed by the Plaintiff, is minimally intrusive. See *Waring v. Int'l Longshoremen's Ass'n, Local 1414 of Savannah, Ga.*, 653 F. Supp. 374, 383-84 (S.D. Ga. 1986). Discovery will be over on or about January 17, 2014. Should the Court stay the election until (1) the Union holds a proper meeting in which there is notice and Plaintiff has the opportunity to be heard on the charges; and/or (2) the Plaintiff is permitted to present his resignation to the membership again, and/or (3) the end of discovery, sufficient evidence will be obtained as to the merits of Plaintiff's case. An injunction affords the Plaintiff the opportunity to protect his rights not afforded him by the due process violations of the Defendant.

The injunctive relief sought does not impermissibly interfere with the union election because it is not yet underway. *Waring v. International Longshoremen's Association Local 1414*, 653 F. Supp. 374 (S.D.GA 1986).

4. <u>The Injunctive Relief sought by the Plaintiff Serves the Public Interest</u>

The injunctive relief sought serves the public interest in this case because, the discipline process of the Union Constitution and Bylaws is preserved, and the membership has an opportunity to (1) discipline the Plaintiff after he has been afforded due process and presented a defense; or (2) to reject any discipline (as it has already done on two occasions) as applied to the Plaintiff; in the alternative the membership will be afforded the opportunity to reinstate the resignation that the membership had also accepted, which would afford the Plaintiff the opportunity to be eligible to run for office because he was not expelled, and therefore serve the public interest in permitting the membership to determine whether it wants the Plaintiff among its chosen leadership.

For the above reasons, Plaintiff asks that the Court enjoin the election of December 3, 2013 as to the offices of President and board of directors until such time as the Plaintiff is afforded due process and/or until the illegal discipline and procedures of the Union set forth above have been reversed by this Court.

Respectfully submitted this __21st__ day of ___November_____, 2013.

/s/ Gwendolyn Fortson Waring
Gwendolyn Fortson Waring
Georgia Bar Number:  270110
221 W. 31st Street
Savannah, GA 31401
(912) 477-5590
(912) 238-0207 FAX
gfwaring@aol.com

**ATTORNEY FOR PLAINTIFF**

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL JENKS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. |
| vs. | * | 4:13-CV-00177 |
| | * | |
| INTERNATIONAL LONGSHOREMAN ASSOCIATION, LOCAL 1414, SAVANNAH GEORGIA | * * * | |
| Defendant. | * | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the within and foregoing document on all parties in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

This __21st__ day of November, 2013.

                                      **s/ Gwendolyn Fortson Waring**
                                      Gwendolyn Fortson Waring
                                      Georgia Bar No. 270110
                                      gfwaring@aol.com
                                      Attorney for Michael Jenks