UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHAEL JENKS,

Plaintiff,

v.                4:13-cv-177

INTERNATIONAL LONGSHOREMAN ASSOCIATION, LOCAL 1414, SAVANNAH, GEORGIA,

Defendant.

### ORDER

Before the Court is plaintiff Michael Jenks's Motion for Preliminary Injunctive Relief. ECF No. 17. Jenks moves the Court for an immediate evidentiary hearing, enjoinment of upcoming union elections, attorney's fees, and leave to file a second amended complaint, ECF No. 16. Because Jenks cannot show a likelihood of success on his claims, the Court **DENIES** the motion for injunctive relief. Nevertheless, as justice requires, the Court freely **GRANTS** Jenks leave to amend his complaint. The Court considers previously unplead facts related to the Defendant's letter dated November 19, 2013 as equity so requires. ECF No. 18-4.

The facts of this case continue to evolve, and a complete recitation is unnecessary to address this motion. *See* ECF No. 16. Jenks is a veteran longshoreman with thirty-eight years of continuous service. ECF No. 18-6 at 1-2. Jenks wishes to run for President of International Longshoreman Association, Local 1414 ("Union") in the upcoming December 3, 2013 election. ECF No. 17 at 1. The Union sent Jenks a letter on November 19, 2013 stating that he is ineligible as a candidate and his name would not appear on the ballot because he was

> suspended from the industry for a positive drug test during the period October 14, 2012 through November 21, 2012, and, therefore, [was] not working at the trade as required under the *Constitution and Rules of Order of the International Longshoremen's Association, AFL-CIO* prior to the nomination meeting as required by Article XIII, Section 3 [and because of his] removal from office [in 2012] under XII, Rule 2 of the *Local 1414 Constitution and Bylaws*, [he is] ineligible to hold any office in the Union at this time.

ECF No. 18-4 (italics in original). Jenks admits that he violated the drug policy of the Union's collective bargaining agreement ("CBA"), but sought treatment and subsequently returned to work. ECF No. 18-6 at 2; *see also* ECF No. 18-1 at 18-23.

Four factors must be considered in determining the appropriateness of preliminary injunctive relief: "1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). The Court sees no likelihood of success on the claim that Union wrongfully withheld Jenks from the ballot.

Article XIII, Section 3 of the Constitution and Rules of Order of the International Longshoremen's Association, AFL-CIO states

> Subject to such other reasonable eligibility requirements as a local union may impose, no person shall be eligible for office in any local union or as a delegate to the District Council or to the governing body of a district unless he has been: (a) a member in good standing of such local union for at least one (1) year preceding the date of his nomination
> . . . .

ECF No. 18-5 at 1-2. Jenks, however, was suspended for a portion of the year prior to his nomination for violating the drug policy. "Good standing" and "suspended" simply cannot coexist. Under the terms of the Longshoremen's bylaws then, Jenks was ineligible to run for election. Given that state of affairs, the likelihood of Jenks succeeding on his claim that the Union wrongfully prevented his candidacy is low at best.

With little to no chance of Jenks prevailing, the Court need not examine the other preliminary injunction factors. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) ("It is not enough that the chance of success on the merits be better than negligible." (internal quotations omitted)). Jenks's motion for injunctive relief is ***DENIED***.

This 25th day of November 2013.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2