UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **MICHAEL JENKS, SR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 4:13-cv-00177-BAE-GRS |
| | ) |
| **INTERNATIONAL LONGSHOREMEN'S** | ) |
| **ASSOCIATION LOCAL NUMBER 1414,** | ) |
| **SAVANNAH, GEORGIA,** | ) |
| | ) |
| Defendant. | ) |

*DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND TIME FOR DISCOVERY*

**COMES NOW DEFENDANT, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL NUMBER 1414** (hereinafter referred to as the "Union"), by and through its counsel, and responds to Plaintiff's *Motion to Extend Time for Discovery* as follows:

**I.  Introduction.**

Plaintiff served as an officer of the Union. Plaintiff was found guilty by the Union's Executive Board for conduct unbecoming of an officer under the Union's *Constitution and Bylaws* and was removed from office pursuant to a membership vote at a membership meeting on June 11, 2012. Plaintiff appealed his removal to the ILA South Atlantic and Gulf Coast District (hereinafter referred to as the "District"). The District remanded the issue and ordered the Union to conduct a re-vote, which occurred after proper notice, on November 12, 2012. The membership affirmed the removal, and Plaintiff appealed to the International Union, which denied his appeal in February 2013. Plaintiff filed the instant lawsuit on July 17, 2013[1] and subsequently amended his *Complaint* on November 15, 2013[2] and

---

[1] Doc. 1, *Plaintiff's Original Complaint*.

[2] Doc. 15, *Plaintiff's First Amended Complaint*.

Page 1 of 7

December 12, 2013.[3] Defendant has answered all three (3) *Complaints*.[4] Plaintiff filed a *Motion for Preliminary Injunction* on November 21, 2013,[5] which was denied by this Court on November 25, 2013.[6]

Pursuant to this Court's *Scheduling Order*, discovery was initially set to close on January 31, 2014.[7] Depositions were scheduled for December 20, 2013.[8] However, Plaintiff requested that the Union reschedule those depositions for sometime in January 2014 because of Plaintiff's attorney's scheduling conflicts.[9] Union counsel acquiesced to Plaintiff's request, but because of his own scheduling conflicts, was not available until January 22nd through 29th 2014.[10] Plaintiff's counsel indicated that there were scheduling problems with getting the depositions completed in January because she was in court in Atlanta from January 21st through January 27th.[11] Despite Defendant's best efforts at accommodating Plaintiff's counsel's schedule,[12] it became necessary to request a fourteen (14) day extension of time to complete the depositions originally scheduled for December 20, 2013.[13]

Plaintiff served his *First Request for Production of Documents* on November 18, 2013.[14] Defendant responded on December 18, 2013.[15] The Court granted the extension of discovery for a

---

[3] Doc. 21, *Plaintiff's Second Amended Complaint*.

[4] Doc. 8; Doc. 20; and Doc. 23.

[5] Doc. 17, *Plaintiff's Motion for Preliminary Injunction*.

[6] Doc. 19, *Order Denying Injunction and Granting Motion to Amend*.

[7] Doc. 12, *October 4, 2013 Scheduling Order*.

[8] Ex. 1, *December 18, 2013 Email Communication from Plaintiff's Attorney*.

[9] Ex. 1, *December 18, 2013 Email Communication from Plaintiff's Attorney*.

[10] Ex. 1, *December 18, 2013 Email Communication from Defendant's Attorney to Plaintiff's Attorney*.

[11] Ex. 1, *January 7, 2014 Email Communication from Plaintiff's Attorney*.

[12] Ex. 1, *January 15, 2014 Email Communications*.

[13] Doc. 24, *Consent Motion for Extension of Discovery and Deadlines*.

[14] Ex. 2, *November 18, 2013 Email Communication from Plaintiff's Attorney*.

[15] Ex. 2, *December 18, 2013 Email Communication from Defendant's Attorney*.

fourteen (14) day period on January 28, 2014.[16] At the time of the Court's granting of the extension, there were no outstanding discovery disputes or requests.

Following the Court's extension of the discovery deadline, Plaintiff served his *Second Request for Production of Documents* on February 5, 2014.[17] The following day on February 6, 2014, Plaintiff served his *First Request for Admissions* and took exception to Defendant's objections to *Plaintiff's First Request for Production of Documents*, which were served fifty-one (51) days prior to that on December 18, 2013.[18] Defendant immediately responded in good faith the following day with *Supplemental Responses to Plaintiff's First Request for Production of Documents*.[19] Plaintiff then personally served his *Third Request for Production of Documents* on February 10, 2014 at his scheduled deposition.

**II.     Good Cause Does Not Exist To Extend Discovery.**

    **A.     Standard for Granting Extension of Time under Fed. R. Civ. P. 16**.

A party seeking to amend the deadlines designated in a scheduling order must demonstrate good cause under Fed. R. Civ. P. Rule 16(b).[20] In order to establish good cause, the party seeking the extension must establish the schedule could not be met despite the party's diligence.[21] A party's lack of diligence can include the party's failure to seek information it needs, [22] and if a party was not diligent, then the good cause inquiry should end.[23] Plaintiff asserts in his *Motion to Extend Time for Discovery* that good cause exists because: (1) Plaintiff has failed to establish the chain of custody of ballots; (2) that Plaintiff had failed to discover who counted the ballots; (3) Defendant "submitted

---

[16] Doc. 25, *Order Granting Extension of Deadlines*.

[17] Ex. 3, *February 5, 2014 Email Communication from Plaintiff's Attorney*.

[18] Ex. 3, *February 6, 2014 Email Communication from Plaintiff's Attorney*.

[19] Ex. 3, *February 7, 2014 Email Communication from Defendant's Attorney*.

[20] *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009).

[21] *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citations omitted).

[22] *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241, n. 3 (11th Cir. 2009).

[23] *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. Fla. 2008).

supplemental discovery responses within the last two weeks of discovery; and (4) because Defendant has objected to Plaintiff's written discovery served following the Court's last extension of discovery.[24]

### B. Good Cause Does not Exist Because the Requests are Irrelevant, Duplicative, Concern Matters Not Properly Before this Court, and Because Plaintiff Has Had the Opportunity to Establish the Chain of Custody of the Ballots

Plaintiff requested in his *First Request for Production of Documents* that Defendant produce ballots of all members who had voted in meetings that are absolutely irrelevant to the charges in his various amended *Complaints*. Defendant properly objected to that request on various grounds including relevancy, but agreed to produce the ballots in its possession, custody, or control for inspection at Plaintiff's deposition on February 10, 2014. Defendant produced said sealed ballots, but Plaintiff did not wish to inspect the ballots without a chain of custody having been determined. In that regard, Plaintiff makes unfounded allegations unsupported by any evidence that one (1) of the bags was not sealed and that two (2) of the bags appeared to have been tampered with. These allegations are without merit.

Good cause does not exist to grant the extension of discovery because the requested ballots are irrelevant. Who counted the ballots during the meetings is likewise irrelevant to Plaintiff's *Complaint*. The validity of the respective vote counts was not administratively appealed to the District or the International and have not been made an issue in any of the *Complaints* before this Court. Good cause does not exist to grant the extension of discovery because the requested ballots are duplicative because documentation of the ballot counts has been provided to Plaintiff in the form of official Union *Minutes* from each of the meetings where votes occurred to remove Plaintiff from office and Plaintiff has conducted the deposition of the custodian of those *Minutes*. Finally, Plaintiff cannot show good cause for the extension because of the fact that the information providing the basis for the proposed extension (chain of custody of said ballots) was available to Plaintiff before the deadline, but for the lack of Plaintiff's diligence.[25] Plaintiff did not seek to identify the custodian of the ballots or request the custodian to appear with the ballots in order to establish the chain of custody.

---

[24] Doc. 27, *Plaintiff's Motion to Extend Time for Discovery*.

[25] *Green Island Holdings, LLC v. British Am. Isle of Venice (BVI), Ltd.*, 521 Fed. Appx. 798, 800 (11th Cir. Fla. 2013).

### C. Good Cause Does Not Exist Because Defendant Has Objected to Plaintiff's Written Discovery Served Following the Court's Last Extension of Discovery.

Plaintiff seeks to extend discovery because Defendant objected to Plaintiff's written discovery served following the Court's last extension of discovery. Plaintiff abused Defendant's cooperation by seeking to serve untimely discovery. Said requests were all made after the original discovery cutoff date and between four (4) and nine (9) days prior to the extended discovery cutoff. There is no new information sought in Plaintiff's discovery requests that he just became aware of at the depositions on February 10th and 11th, and Plaintiff has not shown good cause why the requests were not made until after the Court granted the previous extension to allow for the taking of depositions.

The Rules allow a respondent thirty (30) days to respond to a request and the various Circuit and District Courts have held that a request to produce is untimely if it was made fewer than thirty (30) days prior to the end of discovery.[26] By including the untimely discovery requests as reasons for good cause, Plaintiff is attempting to improperly circumvent the discovery deadlines because he missed deadlines established by this Court. "The express reason for a discovery cutoff is to avoid last minute discovery disputes."[27] Defendant is moving forward with drafting its dispositive motion and Plaintiff is attempting to seek an extension at the last minute to discover irrelevant information as a fishing expedition.

### III. Conclusion.

Had Plaintiff been diligently pursuing discovery, Plaintiff could have made the discovery requests well in advance of the thirty (30) day deadline. However, Plaintiff did not diligently pursue discovery. Furthermore, Plaintiff's counsel has requested a *Leave of Absence* for nearly fifteen (15) of the thirty (30) days covered by Plaintiff's *Motion to Extend Time for Discovery*.[28] Finally, Defendant

---

[26]*Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003); *Kitchen v. Humphrey*, 2006 U.S. Dist. LEXIS 15128 (M.D. Ga. 2006).

[27]*Williams v. Little Rock Mun. Water Works*, 155 F.R.D. 188, 189 (E.D. Ark. 1993).

[28]Doc. 26, *Plaintiff's Motion for Leave of Absence*.

is ready to proceed and file dispositive motions. The deadline for filing dispositive motions is thirty (30) days after the close of discovery. Extending discovery now would unfairly prejudice Defendant by delaying its attempts to prepare and file dispositive motions. Therefore, good cause does not exist to grant Plaintiff's *Motion to Extend Time for Discovery*.

**WHEREFORE**, having responded to Plaintiff's *Motion to Extend Time for Discovery*, Defendant prays:

(a)  that Plaintiff's *Motion to Extend Time for Discovery* be denied;

(b)  that if Plaintiff's *Motion to Extend Time for Discovery* is granted, that the deadline to respond to dispositive motions be extended by the same number of days;

(c)  that if Plaintiff's *Motion to Extend Time for Discovery* is granted, that Defendant be granted leave from responding to Plaintiff's discovery requests untimely served fewer than ten (10) days before the end of the first extended discovery period;

(d)  that if Plaintiff's *Motion to Extend Time for Discovery* is granted, that the scope of discovery be limited solely to the establishment of the chain of custody of the ballots; and

(e)  that the Court grant such other and further relief as it deems proper.

Respectfully submitted this 18th day of February, 2014.

**BIGNAULT & CARTER**

**BY S/CHARLES S. HERMAN**
**GA BAR #142852**
**BIGNAULT & CARTER**
**PARK SOUTH - UNIT F9**
**7505 WATERS AVENUE**
**SAVANNAH, GEORGIA 31406**
**TELEPHONE: (912) 356-0388**
**FACSIMILE : (912) 356-0399**
**EMAIL: ATTYHERMAN@COMCAST.NET**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| **MICHAEL JENKS, SR.,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO.: 4:13-cv-00177-BAE-GRS** |
| ) | |
| **INTERNATIONAL LONGSHOREMEN'S** ) | |
| **ASSOCIATION LOCAL NUMBER 1414,** ) | |
| **SAVANNAH, GEORGIA,** ) | |
| ) | |
|     **Defendant.** ) | |

*CERTIFICATE OF SERVICE*

    This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

    Submitted this 18th day of February, 2014.

    **BIGNAULT & CARTER**

    **BY S/CHARLES S. HERMAN**
    **GA BAR #142852**
    **BIGNAULT & CARTER**
    **PARK SOUTH - UNIT F9**
    **7505 WATERS AVENUE**
    **SAVANNAH, GEORGIA 31406**
    **TELEPHONE:  (912) 356-0388**
    **FACSIMILE  : (912) 356-0399**
    **EMAIL: ATTYHERMAN@COMCAST.NET**