# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MICHAEL JENKS,                        )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        Case No.  CV413-177
                                      )
INTERNATIONAL LONGSHOREMAN )
ASSOCIATION, LOCAL 1414,              )
SAVANNAH, GEORGIA,                    )
                                      )
        Defendant.                    )

## ORDER

Plaintiff Michael Jenks, who sues his union for violating "Section 303 [Labor-Management Reporting and Disclosure Act (LMRDA)], 29 U.S.C. § 160(b) and 29 U.S.C. 11(a)(5), and 529," doc. 22 at 1,[1] moves the Court to extend discovery beyond the deadline set by the Scheduling

---

[1] He seeks damages against defendant International Longshoremen's Association, Local 1414 (Local 1414 ) because it "illegally removed [him] from office and barred him from seeking office in . . . December 2013 and the illegal removal acts to bar him from running for office until 2019. Further, Defendant has improperly removed him from any future elections within the next year without due process." Doc. 22 at 3. He also wants "injunctive relief in the form of a stay of any possible upcoming elections between now and the Court's final ruling or verdict in this matter." *Id.* Local 1414 insists it "has not breached its duty of fair representation. Defendant Union has represented Plaintiff in a fair and impartial manner and without arbitrariness or discrimination. [It] has not violated any of Plaintiff's rights under the [LMRDA] or retaliated against Plaintiff in any manner." *Id.* at 4.

Order (doc. 12), which the Court had already extended to February 14, 2014, doc. 25.[2]   Doc. 27.   In his February 27, 2014 motion, he contends that "[o]n or about February 10, 2014, [Local 1414] produced three brown bags which purported to contain ballots of elections which are the subject of the instant lawsuit, pursuant to a second request made by Plaintiff prior to filing a motion to compel."   *Id.* at 1.   "The bags were alleged to be sealed but one was not sealed and two appeared to be tampered with. Plaintiff seeks additional time to depose the custodian of the ballots in order to determine the chain of custody of the ballots. The ballots are relevant to the instant litigation because [Local 1414] has held three elections whether the Plaintiff should be expelled as an officer of the Defendant Union."   *Id.* at 2.

"Further, [Jenks] only learned on February 11, 2014 that the Sargent [sic] at arms and not Greg Eady the financial secretary who was

---

[2]   He in substance moves to amend the scheduling order under Fed. R. Civ. P. 16(b). *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1231-32 (11th Cir. 2008) (applying Fed. R. Civ. P. 16(b)'s "good cause" scheduling order modification standard before applying Rule 15(a)'s amendment standard); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (same).   Rule 16(b) requires that parties show good cause for modifying a scheduling order; to proceed directly to the merits of an untimely filed motion "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."   *Sosa*, 133 F.3d at 1419.

deposed on February 11, 2014 counted the ballots contrary to other discovery documents produced." *Id.* at 2. "Finally, Defendant submitted supplemental discovery responses within the last two weeks of discovery and Plaintiff requests an extension of time to obtain additional evidence. Defendant has objected to Plaintiffs second and third requests and requests for admissions . . . which were timely served within the discovery because the requests were not made thirty days prior to the end of discovery." *Id.*

Opposing, Local 1414 insists that Jenks has not been diligent (he waited until there was less than 30 days to respond to serve discovery requests, doc. 27 at 5) and, more importantly, no Fed. R. Civ. P. 16 good cause to extend discovery exists on *relevancy* grounds. *Id.* at 4. The ballots of union members who had voted in the various meetings to which Jenks refers "are absolutely irrelevant to the charges in his various amended *Complaints*." *Id.* at 4 (emphasis original). Local 1414 further explains:

> Who counted the ballots during the meetings is likewise irrelevant to Plaintiff's Complaint. The validity of the respective vote counts was not administratively appealed to the District or the International and have not been made an issue in any of the

Complaints before this Court.   Good cause does not exist to grant the extension of discovery because the requested ballots are duplicative because documentation of the ballot counts has been provided to Plaintiff in the form of official Union Minutes from each of the meetings where votes occurred to remove Plaintiff from office and Plaintiff has conducted the deposition of the custodian of those Minutes. Finally, Plaintiff cannot show good cause for the extension because of the fact that the information providing the basis for the proposed extension (chain of custody of said ballots) was available to Plaintiff before the deadline, but for the lack of Plaintiff's diligence. Plaintiff did not seek to identify the custodian of the ballots or request the custodian to appear with the ballots in order to establish the chain of custody.

*Id.*

The Court **DENIES** plaintiff's motion to extend discovery.   Doc. 27.   The Joint Status Report reflects plaintiff's own recitation of the issues in play here, doc. 22 at 4-5, and it fails to show the relevancy of the vote information that he now seeks.   That reinforces Local 1414's relevancy argument here.   Finally, Jenks has a relief valve here; if Local 1414 moves for summary judgment against him, he is free to invoke Fed. R. Civ. P. 56(d) to show a need for (and thus the relevancy of) these discovery materials.

**SO ORDERED** this   25th   day of February, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4